UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL BARNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:11-cr-00100-GZS-1 |
| | ) | 2:17-cv-00435-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Michael Barnes moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 194.) Following a guilty plea, Petitioner was convicted in July 2013 of several charges involving conspiracy to possess, possession, and use, of multiple counterfeit access devices (in this case, credit cards); the Court sentenced Petitioner to 36 months in prison, to be followed by a three-year period of supervised release.[1] (Judgment, ECF No. 170 at 1-2.) Petitioner did not appeal from the judgment.

Petitioner contends that at sentencing, the Government incorrectly alleged that Petitioner's criminal history included a conviction for firearms transport and multiple violations for driving with a suspended license. (Motion at 2.) Petitioner alleges counsel failed to correct the record. (*Id.* at 3.) Petitioner contends he was prejudiced because his

---

[1] In the prosecution version, the Government represented that the counterfeit access devices consisted of credit cards. (Prosecution Version, ECF No. 161 at 2-4.)

attempt to correct the record in his allocution led the Court to conclude he was "full of excuses;" he contends the sentencing guidelines range was greater than it should have been, due to the alleged error by the Government and ineffective assistance by counsel. (Motion at 2-4; Reply, ECF No. 204 at 4.) He requests the sentence be either vacated or reduced by six or more months. (Motion at 3-4.)

Petitioner acknowledges his section 2255 motion was not filed within the one-year limitation period under section 2255(f). Petitioner, however, contends that he was in state custody in New York for 77 months prior to a May 2017 transfer to federal custody, and he had "limited access to federal law, rules and regulations" while he was in state custody. (*Id.* at 4-5.) He also asserts that he was unaware of the relevant law during the period when he could have timely filed a section 2255 motion, that he could not afford a lawyer, and that his trial counsel did not assist him. (*Id.* at 5.)

The Government contends the section 2255 motion should be dismissed as time-barred, and it requests leave to address the merits if the Court does not dismiss the motion as untimely. (Response, ECF No. 202 at 1 & n.1.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of conspiracy to possess 15 or more counterfeit access devices, 18 U.S.C. §§ 371 and 1029(a)(3), (b)(2), and (c)(1)(A)(i) (Count 1); possession of 15 or more counterfeit access devices, 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i) (Count 2);

2

and use of one or more counterfeit access devices, 18 U.S.C. §§ 1029(a)(1) and (c)(1)(A)(i) (Counts 3-5). (Judgment at 1.)

The Court sentenced Petitioner to a prison term of 36 months on each of the counts, with the sentences to run concurrently with one another and consecutively to the sentences on two state court convictions (Docket Nos. 02780-2009 and 05427-2009);[2] Petitioner's 36-month prison term is to be followed by concurrent terms of three years of supervised release on all counts. (Judgment at 2-3.)

The 36-month prison term was six months above the guidelines range of 24 to 30 months. (Judgment at 2; Statement of Reasons, ECF No. 171 at 1-2.) In its analysis of the reasons for the above-guidelines sentence, the Court noted that it had reviewed the revised presentence investigation report, and it adopted the revised report without change. (Sentencing Tr. (Excerpt), ECF No. 193 at 2-3; Statement of Reasons at 1.) In its discussion of the sentencing factors under 18 U.S.C. § 3553(a), the Court observed that Petitioner

> seems to have an excuse for everything. I noted particularly that during the period of time he was on supervised release or on bail for the first federal offense he committed numerous violations, and in fact this offense was committed while he was on bail for another offense.

(Sentencing Tr. at 3.) The Court also noted Petitioner's criminal history involved multiple firearms offenses.[3] (*Id.*)

---

[2] Docket Nos. 02780-2009 and 05427-2009 are identified in the revised presentence investigation report as New York state convictions.

[3] Regardless of whether Petitioner could prove his allegation that the prosecutor incorrectly referred to a firearms transportation offense (Motion, ECF No. 194 at 2), the Court relied on the revised presentence investigation report, which did not include reference to any prior firearms transport conviction. The report

3

## II. DISCUSSION

The motion was not filed timely under any of the provisions of section 2255(f).[4] Specifically, Petitioner did not satisfy the requirements of subsection 2255(f)(1) because

---

listed a 2003 federal conviction for possession and receipt of firearms with the manufacturer's serial number removed, and it listed a 2011 New York conviction for criminal possession of a weapon. Criminal history points were attached to each of the firearms convictions and another conviction. Petitioner's criminal history was Category IV. (Sentencing Tr. (Excerpt), ECF No. 193 at 2; Statement of Reasons, ECF No. 171 at 1.)

Regarding Petitioner's allegation that the Government incorrectly referred to multiple violations for driving with a suspended license (Motion at 2), the revised presentence investigation report listed a 2005 New York arrest that resulted in multiple charges, including two counts of aggravated unlicensed operation of a motor vehicle (one count for second degree, another count for third degree), and a count for unlicensed driver. The disposition of the charges was listed as unknown. The motor vehicle charges were set forth under "other criminal conduct," i.e., criminal conduct that did not result in criminal history points for purposes of the sentencing guidelines calculation.

[4] Section 2255(f) states:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the record lacks any support for a finding that the one-year period began to run at any point later than one-year from the date on which the judgment became final. Section 2255(f) does not provide that the limitation period is tolled during service of a state sentence when a federal sentence is to be served consecutively. As the Sixth Circuit explained,

> [a] prisoner is in custody for the purposes of § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him. . . . If a prisoner is in custody and can, therefore, avail himself of § 2255 relief, and if § 2255 requires prisoners to use said relief before a statute of limitations runs, then the statute of limitations should begin to run from the moment that the prisoner can use § 2255. In other words, if [a]

he filed the motion more than a year after the judgment of conviction became final.[5]

The First Circuit, however, has held "that section 2255(f) is non-jurisdictional" and that the one-year limitation period "is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011). A petitioner has the burden to establish equitable tolling; "[t]o carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 323 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted)); *Barreto-Barreto v. United States*, 551 F.3d 95, 101 (1st Cir. 2008) (noting that equitable tolling is not available when a petitioner failed to exercise due diligence).

Petitioner contends that during the one-year limitation period, he had limited access to legal materials, he did not understand the applicable federal laws, and he was unable to hire an attorney. (Motion at 4-5.) Petitioner has not alleged extraordinary circumstances and thus he is not entitled to equitable tolling. *See Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) ("If we tolled [the] limitation period every time a prisoner with no legal

---

petitioner may use § 2255 while he is in state prison, he must do so then to prevent the statute of limitations from barring his action.

*Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004).

[5] Petitioner was convicted in July 2013. (Judgment, ECF No. 170 at 1.) When a defendant does not file a direct appeal of the conviction or sentence, the judgment becomes final 14 days after the judgment of conviction was entered. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . (i) the entry of . . . the judgment or order being appealed[.]"); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Petitioner asserts he placed the motion in the prison mailing system on October 24, 2017. (Motion at 5.)

5

training had his library time strictly regulated, § 2244(d)) might as well not exist; few prisoners are lawyers, and few prisons offer their occupants unfettered library access."); *Ramos-Martínez*, 638 F.3d at 321 (noting that "section 2255(f)'s limitations period is couched in language virtually identical to that of section 2244(d)"); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (noting that a petitioner's misunderstanding of the law does not in itself warrant tolling the limitation period).

Because Petitioner has failed to demonstrate either that he pursued his rights diligently or that extraordinary circumstances prevented him from timely filing his section 2255 motion, he is not entitled to equitable tolling. *See Ramos-Martínez*, 638 F.3d at 323. Plaintiff, therefore, did not file his section 2255 motion within the applicable limitation period.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                              /s/ John C. Nivison
                                              U.S. Magistrate Judge

Dated this 22nd day of March, 2018.